# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL DEUSCHEL,<br><br>    Plaintiff,<br><br>    vs.<br><br>The UC REGENTS MEDICAL CENTERS UC LOS ANGELES, et al.<br><br>    Defendants. | Case No.2:18-CV-09616-ODW(PLAx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REMAND [8] AND DENYING PLAINTIFF'S MOTION TO REMAND, STAY, AND APPOINT COUNSEL AS MOOT [14]** |

## I.   INTRODUCTION & PROCEDURAL HISTORY

Presently before the Court is Defendant San Francisco Health Plan's ("Defendant") Motion to Remand the Case to Los Angeles County Superior Court. (ECF No. 8.) On November 8, 2017, Plaintiff Michael Deuschel initiated the instant action against Defendants The University of California ("UC") Regents Medical Centers, UC San Francisco, UC Irvine, UC San Diego, San Francisco General Hospital, Harbor-UCLA Hospital, City and County of San Francisco, and San Francisco Health Plan for various violations sounding in contract, tort, and as well as violations of the Americans with Disabilities Act ("ADA"). (*See generally* Compl., ECF No. 1-2.) On November 14, 2018, Defendant City and County of San Francisco

("CCSF") removed the matter from Superior Court of the State of California, County of Los Angeles. (Not. of Removal, ECF No. 1.) On December 11, 2018, Defendant moved to Remand the matter back to State Court. (Mot., ECF No. 8.) No party has opposed. For the reasons that follow, Defendant's Motion is **GRANTED**.[1]

## II. DISCUSSION

All properly joined defendants must consent to removal of an action. 28 U.S.C. § 1446. Where fewer than all the defendants have joined, the removing party has the burden to explain affirmatively in the notice of removal the absence of any co-defendants. *Prize Frize, Inc. v. Matrix, Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999). Absent such explanation, the removal notice is "facially deficient" and, if the deficiency is not cured within the thirty-day statutory period permitted for joinder, then removal is improper and remand is appropriate. *Id.*

Defendant CCSF failed to indicate that all defendants consented to removal or otherwise explain the absence of unanimity. (*See* Notice of Removal, ECF No. 1.) As such, the removal notice is facially deficient. The instant notice of removal suffers from an even more glaring deficiency than did the notice of removal in *Prize Frize*. In *Prize Frize,* the removing defendants included some sort of explanation as to why they failed to obtain the consent of the other defendants. Here, by contrast, Defendant CCSF made no mention whatsoever of the rule of unanimity or attempts to comply with it. Thus, like the notice of removal in *Prize Frize,* the applicable notice of removal "plainly and simply" fails to meet the removal requirements of 28 U.S.C. § 1446(a). However, given the lack of opposition, the Court also resolves the instant matter through a *Ghazali v. Moran* analysis. 46 F.3d 52, 53 (9th Cir. 1995).

Central District Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document],

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule). Local Rule 7-9 requires the non-moving party to file an opposition or non-opposition no later than twenty-one (21) days before the noticed hearing date. C.D. Cal. L.R. 7-9. Here, Defendant noticed the hearing date for its Motion to Remand for January 14, 2019, meaning any opposition was due December 24, 2018. (*See* Mot.) However, no party filed an opposition, timely or otherwise. Accordingly, Defendant's Motion is unopposed.

In determining whether to grant an unopposed motion, courts weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that the first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating that the fourth factor always weighs against dismissal).

Here, the second factor also weighs in favor of granting Defendant's motion. The Court must manage its docket to ensure the efficient administration of justice. When a case involves multiple defendants and the matter is removed to federal court, all defendants must consent to removal. *Proctor v. Vishay Intertechnology, Inc.* 584 F.3d 1208, 1224 (9th Cir. 2009). Here, because it is clear that the remand is deficient, expending additional time and effort is not the most efficient use of court resources. Thus, the Court's need to manage its docket favors granting Defendant's motion.

The third factor addresses the potential risk of prejudice. Here, there is no prejudice because no parties have opposed or objected to remand, and Plaintiff

affirmatively seeks remand. *See* Plaintiff's Motion to Remand, Stay, and Appoint Counsel, ECF No. 14.) Thus, the third factor weighs in favor of granting Defendant's motion.

As for the availability of less drastic sanctions, failure to timely oppose the motion to remand demonstrates a lack of commitment to or interest in prosecuting this action. *See Rodriguez v. Nationstar Mortg. LLC*, No. 2:16-CV-5962-ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). While less drastic sanctions may exist, this factor does not weigh heavily in either direction, and is therefore neutral.

On balance, the *Ghazali* factors weigh in favor of granting Defendant's unopposed Motion to Remand.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Remand is **GRANTED** and this case is hereby **REMANDED** as state Case BS171463, to Los Angeles County Superior Court, Stanley Mosk Courthouse, 111 North Hill Street, Department 82, Los Angeles, Ca 90012. (ECF No. 8.) Accordingly, Plaintiff's Motion to Remand, Stay, and Appoint Counsel is **DENIED as moot**. (ECF No. 14.)

**IT IS SO ORDERED.**

March 6, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**